(No. 83-CC-098▮

ALLIES FOR A BETTER COMMUNITY, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order on stipulation filed June 20, 1983.*

*Order in response to order on stipulation filed September 7, 1984.*

*Opinion filed February 28, 1985.*

LEONARD MURRAY, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN

O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Roe, C.J.

## OPINION

Roe, C.J.

The Claimant brought this action seeking payment of $15,480.00 for certain services allegedly rendered to the Respondent's Department of Public Health. In a standard "lapsed appropriation" form complaint, Claimant alleged that it made demand for payment from the agency, but that its demand was refused on the grounds that the funds appropriated for such payment had lapsed.

The parties filed a joint stipulation agreeing to our entry of an award in the amount of $12,500.00. In their stipulation the parties also agreed that a report compiled by the Department of Public Health be admitted into evidence without objection. Pursuant to Rule 14 of the Rules of the Court of Claims, such reports are *prima facie* evidence of the facts contained therein.

After careful review of the record, we noted in an order dated June 20, 1983, that the information contained in the departmental report raised an issue regarding the availability of funds. We made the following observations:

"This is a claim ostensibly for lapsed appropriations. From the response given to question No. 15 of the departmental report, the claim would have been paid from fund No. 063, the U.S. Public Health Service Fund. It was stated that said fund expired on September 30, 1980, and 1981, and the funds are no longer available to pay this claim. We understand that the department may no longer have the legal capability to make payments out of those previous fiscal year Federal funds. Because we are unfamiliar with this particular Federal fund, we need to know whether or not, if we were to make an award in this case, there exists some procedure whereby the State can recoup the unexpended portion of those funds from those earlier Federal grants which relate to the claim at bar."

We then put the case on general continuance pending submission of further information.

Our order elicited a response from the Respondent offering a letter from a Mr. William L. Wheeler, chief counsel to the Department of Public Health, and copies of the contracts under which this claim was made, into evidence pursuant to the aforementioned Rule 14. There was no objection to their admission. Both the response and the letter stated that the Federal grant which would have covered this billing was closed on May 25, 1982. In his letter, Mr. Wheeler stated that his agency had been informed by the U.S. Department of Health and Human Services that such a late claim cannot now be paid. He also stated that he had a telephone conversation with an assistant U.S. Attorney from the Springfield, Illinois, office who apparently corroborated the position.

A subsequent order of this Court, dated September 7, 1984, elicited an amended departmental report, which also is *prima facie* evidence of the facts contained therein. This amended report stated, *inter alia*, that:

1. the Federal fund from which this obligation was to have been paid was unavailable after September 30, 1981;

2. requests for payment of the claim herein were first received on November 23, 1981;

3. the Federal grant of funds contained no provision for reservation of funds to pay claims received after the end of the grant period.

The report contained no explanation of the status of the grant between the September 30, 1981, availability cutoff date and the May 25, 1982, date described by Mr. Wheeler as the date the grant was closed.

The case at bar is different from the usual lapsed appropriation case routinely dealt with by this Court. In the usual case, where a proper obligation of the State is not paid prior to the lapse period, the funds for payment of the obligation are said to lapse back into the State's general revenue fund (or another State fund), *i.e.* the funds are still available and unspent but the authority of the State agency to spend them has ceased. A claim is then made to this Court for payment. If there was proper authorization for incurring the obligation and, but for the lapsing of sufficient funds for paying the debt, the debt would have been paid, then this Court awards the payment. In the case at bar the funds reverted to the Federal government. Not only does the State agency no longer have authority to spend them, the money is no longer available for use. In this instance, for us to make an award would be in effect appropriating State funds, which is the sole prerogative of the legislature. The facts presented are thus analogous to the line of cases in this Court wherein the claims are denied due to insufficient lapsing of funds. For those reasons we are constrained to deny this claim.

We also should point out for the record that the contracts involved herein expressly provide on the first page of the contracts that the contracts are made subject to the availability of Federal funding from the U.S. Department of Health and Human Services for the comprehensive high blood pressure control program.

Although we find, based on the Respondent's stipulation, that the Claimant did in fact perform the services for which this claim was made, due to the unavailability of funds with which to pay it, it is hereby ordered that this claim be, and hereby is, denied.